AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District **Southern, Brownsville, Tx.** |
|---|---|

| Name **Rodolfo Ramirez** | Prisoner No. **1106483** | Case No. **01-1189-CR** |
|---|---|---|

Place of Confinement **Lopez State Jail**

**MISCELLANEOUS B-03-003**

Name of Petitioner (include name under which convicted)
**Rodolfo Ramirez**

Name of Respondent (authorized person having custody of petitioner)
v. **Texas**

United States District Court
Southern District of Texas
FILED

JAN 21 2003

Michael N. Milby
Clerk of Court

The Attorney General of the State of: **John Cornyn**

## PETITION

1. Name and location of court which entered the judgment of conviction under attack **25th Judicial District Guadalupe County Seguin, Texas**

2. Date of judgment of conviction **March 26, 2002**

3. Length of sentence **4 years**

4. Nature of offense involved (all counts) **(D.W.I.) Driving While Intoxicated**

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☑
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐ **N/A**

7. Did you testify at the trial?
   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☐   No ☑

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _____N/A_____

   (b) Result _____

   (c) Date of result and citation, if known _____

   (d) Grounds raised _____

   _____

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court _____N/A_____

   (2) Result _____

   _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____N/A_____

   (2) Result _____

   _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☑   No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __25th Judicial District_____

    (2) Nature of proceeding __1107 Writ of Habeas Corpus_____

    (3) Grounds raised __illegal enhancement of (D.W.I.) Driving While intoxacated    Illegal Sentence__

(3)

AO 241 (Rev. 5/85)

__2. Ineffective Assistance of Counsel.__

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐      No ☑

    (5) Result __Denied without written order the application for Writ of Habeas corpus__

    (6) Date of result __December 4, 2002__

(b) As to any second petition, application or motion give the same information:

    (1) Name of court __N/A__

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion? __N/A__
        Yes ☐    No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.       Yes ☐    No ☐
    (2) Second petition, etc.    Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
__I exhausted State Remedies__

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
<u>Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Illegal Sentence Due to Statue of limitations

Supporting FACTS (state *briefly* without citing cases or law) ON March 11th 1986 I was convicted of my 1st misdemeanor D.W.I. On September 19th 1991 I was convicted of my 2nd misdemeanor D.W.I. Then on May 19th 2001 I was convicted of my 3rd D.W.I. felony and sentenced to 4 yrs. T.D.C.I.D. D.W.I.'s are more than 10 yrs. apart. 3rd D.W.I. was Illegally Enhanced

B. Ground two: Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law) Court appointed Lawyer failed to represent me in a full capacity.

(5)

AO 241 (Rev. 5/85)

C. Ground three: _____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law) _____

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____ N/A _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____ N/A _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:
    (a) At preliminary hearing _____ Vicky Patillo _____

    (b) At arraignment and plea _____ Vicky Patillo _____

(6)

AO 241 (Rev. 5/85)

(c) At trial _____SAme_____

(d) At sentencing _____SAme_____

(e) On appeal _____No_____

(f) In any post-conviction proceeding _____No_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____No___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☐       No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐       No ☑
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐       No ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
       (date)

                                      _Rodolfo Ramirez_
                                      Signature of Petitioner

(7)



**JAMES BEHRENDT**
DISTRICT CLERK, GUADALUPE COUNTY
101 E. COURT, SUITE 308
SEGUIN, TEXAS 78155
TELEPHONE (830) 303-4188   FAX: (830) 379-1943   AM.EXP./MASTER/VISA

*[handwritten: you sent me someone else records]*

September 20, 2002

*[handwritten:
Rodolfo Ramirez
D.O.B. 8-30-59
This is me  CAUSE # 01-1189 CR
TDC # 1106483]*

Rodolfo Ramirez
TDC# 1106483
H6-30
1203 Cibolo Rd
Edinburg, TX 78541

Dear Sir:

Enclosed you will find the papers that you requested. I do not have access to your Police Report or Arresting Report.

James Behrendt, District Clerk
Guadalupe County, Texas

By _[signature]_ Deputy

NO. 01-1189-CR

**THE STATE OF TEXAS VS. RODOLFO RAMIREZ**

**OFFENSE: DRIVING WHILE INTOXICATED (FELONY)**

FILED
4:00 M
AUG - 3 2001

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors for the County of **GUADALUPE**, State of Texas duly selected, impaneled, sworn, charged and organized as such at the **MARCH** Term, 2001, of the 25th Judicial District Court of said County, upon their oaths present in and to said Court that **RODOLFO RAMIREZ**, on or about the **19TH** day of **MAY, 2001**, and before the presentment of this indictment, in said County and State did then and there operate a motor vehicle in a public place while the said defendant was intoxicated by not having the normal use of mental and physical faculties by reason of the introduction of alcohol into the body;

## DWI PRIORS

And it is further presented in and to said Court that prior to the commission of the aforesaid offense by the said **RODOLFO RAMIREZ** on the **11TH** day of **MARCH, 1986** in the County Court at Law, Guadalupe County, Texas, in Cause Number CCL-86-0388 the said **RODOLFO RAMIREZ** was convicted of the offense of Driving While Intoxicated;

And it is further presented in and to said Court that prior to the commission of the aforesaid offense by the said **RODOLFO RAMIREZ** on the **19TH** day of **SEPTEMBER, 1991** in the County Court at Law, Guadalupe County, Texas in Cause Number CCL-91-1335 the said **RODOLFO RAMIREZ** was convicted of the offense of Driving While Intoxicated;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Judy Burns_
FOREMAN OF GRAND JURY

3

NO. 01-1189CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| VS. | * | 25TH JUDICIAL DISTRICT |
| Rodolfo Ramirez | * | Guad. COUNTY, TEXAS |

## PLEA AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

I, THE UNDERSIGNED DEFENDANT, TOGETHER WITH MY COUNSEL AND COUNSEL FOR THE STATE, AGREE THAT IN EXCHANGE FOR THE DEFENDANT'S AGREEMENT TO PLEAD GUILTY ✓ NO CONTEST _____ AND TO ALLOW THE STATE TO PROVE ITS CASE BY MEANS OF WRITTEN STIPULATIONS, THE STATE AGREES TO RECOMMEND PUNISHMENT AS FOLLOWS:

10yrs ID / 10yrs probation
$1000 fine
30 days jail w/ credit

If the defendant is granted deferred adjudication probation, the defendant agrees and understands, REGARDLESS OF ANY OTHER TERM OF THE PLEA AGREEMENT, that in the event said probation is adjudicated, the defendant may be sentenced to any term within the statutory range of punishment.

THE ABOVE TERMS CONSTITUTE OUR AGREEMENT, AND THERE ARE NO AGREEMENTS NOT SET FORTH ABOVE.

FILED
11:00 a.M.
DEC 2 0 2001
JAMES BEHRENDT
Clerk Dist. Court, Guadalupe Co. TX.
By _____ Deputy

Rudolfo Ramriez
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ASSISTANT DISTRICT ATTORNEY

4

No. 01-1189-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| VS. | * | OF GUADALUPE COUNTY, TEXAS |
| RODOLFO RAMIREZ | * | 25TH JUDICIAL DISTRICT |

### WAIVERS, STIPULATIONS AND ADMONISHMENTS FOR PLEA OF GUILTY OR NO CONTEST

On this day, this cause was called for trial. The Defendant personally appeared represented by the attorney noted; the State was represented by its District Attorney. In open Court, the Defendant waived the reading of the indictment; the indictment was stated in substance; and the Defendant entered a plea of guilty to the offense of:

### DRIVING WHILE INTOXICATED-FELONY

I represent to the Court as follows:
1). I am mentally competent now and was sane at the time that this offense was committed.
2). My plea is entered without any consideration of fear, and I have not been threatened in any manner whatsoever.
3.) My plea is entered without any persuasion and I have been promised nothing for my entering such plea.
4). I understand that the recommendation of the prosecuting attorney as to punishment is not binding on the Court.
5). I fully understand that the Court may accept or reject any bargaining agreement made between the State and myself.
6). I fully understand that, should there be such agreement, and the Court rejects any such plea bargaining agreement, I shall be permitted to withdraw my plea of guilty or nolo contendere, and that no statement or other evidence received during such hearing on my plea of guilt or nolo contendere may be admitted against me on the issue of guilty or punishment in any subsequent criminal proceeding.

7). I understand that if the punishment does not exceed the punishment recommended by the prosecutor and agreed to by me and my attorney, the trial court must give its permission to me before I may prosecute an appeal on any matter in the case except those matters raised by written motion filed prior to trial.

### WAIVERS

(1). WAIVER OF JURY:
Now comes the Defendant in this cause, in writing, and in open Court, in person and by attorney, and each agrees that this case may be tried by the Court without the intervention of a jury both understanding that any recommendation to the Court made by the State on the issue of punishment need not be accepted nor approved by the Court, and both consent to the Court assessing punishment in such a manner as the Court feels justified under the evidence.

JOINED BY: _____
PROSECUTOR

(2). WAIVER OF TEN DAYS TO PREPARE FOR TRIAL BY COURT APPOINTED COUNSEL:
Now comes the Defendant in this cause, and shows the Court that he has heretofore established that he is too poor to employ private attorney, and that the Court has appointed counsel for him; and whereas Article 26.04 of the Texas Code of Criminal Procedure provides that all appointed counsel shall have at least 10 days to prepare for trial unless such time be waived in writing by the Defendant and his appointed attorney; Now, therefore, the Defendant and his Court appointed counsel have waived, and do hereby expressly waive, the statutory period of time set out in Article 26.04, and announce ready for trial, and request that the cause be heard at this time.

(3). WAIVER OF 30 DAYS TO FILE MOTION FOR NEW TRIAL:
Now comes the Defendant in this cause, joined by his attorney, and in open Court waives the time allowed by law for the filing of a Motion for New Trial, and requests that the Court impose sentence at this time.

(4). WAIVER OF RIGHT TO APPEAL:
Comes now the Defendant, in writing and in open Court, and joined by his counsel and after being duly sentenced in accordance with the punishment assessed, states that he understands that he has a right to appeal the conviction herein, and that if he is indigent and desires to appeal, counsel will be appointed at no cost to him. The Defendant, now understanding all rights in this connection, waives and abandons his right of appeal in this cause, including rights of appeal as to any pre-trial matters and competency of defense counsel.

_RR_ Defendant's initials

DEC 2 0 2001

JAMES BEHHENDT
Clerk, Dist. Court, Guadalupe Co. TX.
By _____ Deputy

State's #1

5

**5.). APPLICATION FOR PROBATION**
   Now comes the Defendant in this cause, and respectfully requests the Court to consider granting a probation of the sentence in this cause and represents to the Court that he has ~~never~~ before been convicted of any felony or received any type of felony probation.

<b>WRITTEN ADMONISHMENTS TO DEFENDANT</b>

**A). RANGE OF PUNISHMENT FOR OFFENSE:**

The range of punishment for the offense of **DRIVING WHILE INTOXICATED-FELONY** is as follows:

( ) FIRST DEGREE FELONY     Life or a term not more than 99 years nor less than 5 years in T.D.C.J. and in addition, a fine not to exceed $10,000.00.
( ) SECOND DEGREE FELONY    Not more than 20 years or less than 2 years in T.D.C.J. and in addition, a fine up to $10,000.00.
(X) THIRD DEGREE FELONY     Not more than 10 years or less than 2 years in T.D.C.J. and in addition, a fine up to $10,000.00.
( ) STATE JAIL FELONY       Not more than 2 years or less than 180 days confinement in a state jail, and in addition, a fine not more than $10,000.00.
( ) CLASS "A" MISDEMEANOR   Not more than one (1) year confinement in the county jail and/or a fine up to $4,000.00.
( ) CLASS "B" MISDEMEANOR   Not more than 180 days confinement in the county jail and/or a fine up to $2000.00.

( ) OTHER_____

**B). PUNISHMENT ASSESSED:**
   The Defendant is hereby admonished that any punishment recommendation of the State is not binding on the Court. The Court will inquire as to the existence of any plea bargaining agreement between the State and the Defendant and, if such recommendation was made, hereby informs the Defendant that if the Court rejects the agreement, the Defendant will be permitted to withdraw the plea and that no statement or other evidence received during the plea could be admitted against the Defendant on this issue of guilt or punishment in any subsequent criminal proceeding and that if the punishment assessed does not exceed that agreed to by the Defendant and recommended by the State, the Trial Court must give its permission to the Defendant before he could prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial, unless the Defendant expressly waived such right.

**C). MENTAL COMPETENCY TO STAND TRIAL:**
   The defense counsel and the Defendant hereby represent that the Defendant is competent to stand trial, and based upon all evidence presented, the Court hereby finds the Defendant competent.

**D). CITIZENSHIP:**
   If you are not a citizen of the United States of America, plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

**E). VOLUNTARINESS OF PLEA and STIPULATION OF EVIDENCE:**
   The Defendant herein in open Court and in writing, and with the advice and consent of his attorney, and by and through this instrument, acknowledges that he understands the nature of the charges against him, agrees that the evidence in this case may be stipulated and waives the appearance, confrontation, and cross-examination of the witnesses, and further consents to the introduction of testimony by affidavits, written statements of witnesses, and other documentary evidence in support of the judgment of the Court, and further states that he fully understands such stipulation and freely and voluntarily makes such waivers. The defendant further admits and stipulates each and every allegation contained in the indictment herein is true and correct.

**F). CONSEQUENCES OF DEFERRED ADJUDICATION:**
   The Defendant is hereby admonished that if he is eligible, he may be granted deferred adjudication probation as a result of this plea. If that deferred adjudication is subsequently adjudicated as a result of violations of that probation, the defendant may then be sentenced to any term of years within the range of punishment reflected in Paragraph A above, and the Court will not be limited in its sentence to the number of years in the deferred adjudication probation. If the Defendant is placed on deferred adjudication probation and the Court subsequently finds you have violated a condition of that probation, no appeal can be taken from the Court's determination to adjudicate Defendant's guilt on the original charge.

**G). SEX OFFENDER REGISTRATION**
   The Defendant is hereby admonished that if he is pleading guilty or nolo contendere to an offense listed in Chapter 62, Code of Criminal Procedure, the Defendant if sentenced to deferred adjudication, probation, or Institutional Division of the Texas Department of Criminal Justice will be required to meet the registration requirements of Chapter 62, Code of Criminal Procedure. The Defendant hereby represent that, if applicable, he has been advised by his attorney regarding said registration requirements and understands same.
   The defense counsel undersigned represents that, if applicable, he has advised the Defendant regarding registration requirements under Chapter 62, Code of Criminal Procedure and that the Defendant understands same.

RR  Defendant's initials

6

I, **RODOLFO RAMIREZ**, hereinafter called defendant, on or about the **19th** day of **May**, **2001**, in **GUADALUPE** County, Texas, did then and there operate a motor vehicle in a public place while the said defendant was intoxicated by not having the normal use of mental and physical faculties by reason of the introduction of alcohol into the body;

**DWI PRIORS**

And it is further presented in and to said Court that prior to the commission of the aforesaid offense by the said **RODOLFO RAMIREZ** on the **11TH** day of **MARCH, 1986** in the County Court at Law, Guadalupe County, Texas, in Cause Number CCL-86-0388 the said **RODOLFO RAMIREZ** was convicted of the offense of Driving While Intoxicated;

And it is further presented in and to said Court that prior to the commission of the aforesaid offense by the said **RODOLFO RAMIREZ** on the **19TH** day of **SEPTEMBER, 1991** in the County Court at Law, Guadalupe County, Texas in Cause Number CCL-91-1335 the said **RODOLFO RAMIREZ** was convicted of the offense of Driving While Intoxicated;

It is my desire to enter a plea of guilty in the foregoing entitled and numbered case. Upon inquiry by the Court, the defendant hereby states he is entering his plea of guilty freely and voluntarily, and only because he is guilty. The Defendant further confirms that he completely understands all of the written waivers, stipulations and motions filed in connection with the plea, and that the execution of each was done freely, voluntarily, and that he is guilty as charged. The Court then accepted the Defendant's plea, heard evidence and found that the evidence substantiated the Defendant's guilt.

I feel that I have been adequately and competently represented by my attorney and signature appears below. I have been advised by the Judge of this Court, and I fully understand, that the amount of punishment that I receive and whether or not I receive a probated sentence is within the sole discretion of the Judge of this Court. I enter my plea uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting me to confess my guilt.

I, **RODOLFO RAMIREZ**, Defendant, do hereby acknowledge that prior to entering my plea of guilty or nolo contendere, I have read and I understand the above admonishments and that I am aware of the consequences of my plea.

_____
DEFENDANT

_____
COUNSEL FOR DEFENDANT

SWORN TO AND SUBSCRIBED to before me by the defendant this the __20__ day of __December__, 20__01__.

_____
District Clerk

_____ County, Texas

By:_____
           Deputy

Stipulation and Waivers approved and findings made as set out above.

SIGNED on this the __20__ day of __DEC__, 20__01__.

_____
JUDGE PRESIDING

No. 01-1189-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| VS. | * | GUADALUPE COUNTY, TEXAS |
| RODOLFO RAMIREZ | * | 25TH JUDICIAL DISTRICT |

## JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE
## WAIVER OF JURY TRIAL

| | |
|---|---|
| JUDGE PRESIDING: GARY STEEL | DATE OF JUDGMENT: MARCH 26, 2002 |
| ATTORNEY FOR STATE: ALLISON LANTY | ATTORNEY DEFENDANT: VICKY PATILLO |
| OFFENSE CONVICTED OF: DRIVING WHILE INTOXICATED | PENAL CODE: 49.04 |
| DEGREE: THIRD DEGREE FELONY | DATE OFFENSE COMMITTED: MAY 19, 2001 |
| CHARGING INSTRUMENT: Indictment | PLEA: GUILTY |
| TERM OF PLEA BARGAIN (IN DETAIL): 10YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPT. OF CRIMINAL JUSTICE/ 10 YEARS PROBATION/$1000 FINE/30DAYS JAIL WITH CREDIT | |
| PLEA TO ENHANCEMENT PARAGRAPH (S): N/A | FINDINGS ON ENHANCEMENT: N/A |
| FINDINGS ON USE OF DEADLY WEAPON: NONE | |
| DATE SENTENCE IMPOSED: MARCH 26, 2002 | TIME CREDITED: 120 days COSTS: $702.25 |
| PUNISHMENT AND PLACE OF CONFINEMENT: FOUR (4) YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE | |
| DATE TO COMMENCE: MARCH 26, 2002 | |
| TOTAL AMOUNT OF RESTITUTION/REPARATION: | |
| CONCURRENT UNLESS OTHERWISE SPECIFIED. | |

FILED
4:00 PM
MAY 1 2002
JAMES BEHRENDT
Clerk, Dist. Court, Guadalupe Co
By _____ Dep.

The Defendant having been indicted in the above entitled and numbered cause for the felony offense shown above and this cause being this day called for trial, the above appeared in person and by counsel as named above, and both parties announced ready for trial. The Defendant, in person, in writing and in open court, waived his right to trial by jury, pleaded as indicted above to the charged contained in the indictment. Thereupon, the range of punishment for the offense was explained to the Defendant, and the Defendant was admonished by the Court of the consequences of the said plea; and it plainly appearing to the Court that the Defendant was mentally competent and sane and that the Defendant is not influenced in making said plea by any consideration of fear, or by any persuasion or delusive hope of pardon prompting his plea, and that the plea is free and voluntary, the said plea was accepted by the Court and is here entered of record upon the minutes. The Court, having heard the evidence submitted, and the argument of the counsel thereon, found the Defendant guilty of the offense indicated above, a felony, and assessed the punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated

8

above.

It is **THEREFORE CONSIDERED, ORDERED,** and **ADJUDGED** by the Court that the Defendant is guilty of the offense indicated above, a felony, and that the said Defendant committed the said offense on the date indicated above, and that he be punished by confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above, and that the State of Texas do have and recover of the Defendant all costs of the prosecution, for which execution will issue.

**THEREUPON**, on the date of sentence indicated above, the Defendant was asked by the Court whether Defendant had anything to say why sentence should not be pronounced against Defendant and Defendant answered nothing in bar thereof, whereupon the Court proceeded in the presence of the said Defendant and Defendant's attorney to pronounce sentence against Defendant as follows:

It is **ORDERED, ADJUDGED** and **DECREED** by the Court that the Defendant, who has been adjudged to be guilty of the offense indicated above, a felony, is hereby sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for the period indicated above and be fined the amount indicated above that Defendant be delivered by the Sheriff of the above named County and State, to the Director of Institutional Division of the Texas Department of Criminal Justice of the State of Texas, and said Defendant shall be confined in the said Institutional Division of the Texas Department of Criminal Justice for the period indicated above in accordance with the provisions of the law governing the Institutional Division of the Texas Department of Criminal Justice.

The Court also made the findings as indicated above concerning the allegations of prior felony convictions against Defendant to which Defendant has pleaded as indicated above.

The Court also made the affirmative findings as indicated above concerning the use or exhibition of a deadly weapon during the commission of the offense indicated above or during the immediate flight therefrom and whether the deadly weapon was a firearm.

It is further **ORDERED, ADJUDGED,** and **DECREED** that the said Defendant be credited on this sentence with the number of days as indicated above, on account of his confinement in jail since his arrest and prior to pronouncement of this sentence.

It is further **ORDERED, ADJUDGED** and **DECREED**, that as a condition of any parole that Defendant pay restitution, fine and reparation to the victim (s) of Defendant's crime as indicated above and a fine as indicated above.

It is further **ORDERED, ADJUDGED** and **DECREED**, that the punishment under the sentence herein imposed shall begin when the Judgment and Sentence in the above indicated cause against the Defendant shall have ceased to operate.

And, the said Defendant is hereby remanded to jail until said Sheriff can obey the directions of this sentence.

Pursuant to Article 38.33, V.A.C.C.P, the Court further ordered that the Clerk take fingerprints of the defendant's left and right index fingers, which said fingerprint are contained on Exhibit "A" attached hereto and made a part hereof.

_____   _____
                                                    JUDGE PRESIDING

                                                    5-1-02
_____   _____
                                                    DATE

9.

Cause No. *01-1189-CR*

**THE STATE OF TEXAS**　　　　　　　　　　IN THE DISTRICT COURT OF

VS

*Ramirez, Rudolfo*　　　　　　　　　　　**GUADALUPE COUNTY, TEXAS**

### FINGERPRINT EXHIBIT

The fingerprint shown is a print of the above named defendant's right thumb taken by the under signed in open court:



RIGHT

THUMB

PRINT

Arnold Zwicke, Sheriff
Guadalupe County, Texas

By _____, Deputy

**EXHIBIT "A"**

FINGERPRINT EXHIBIT